ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 13 2015   4:16

CLERK, U.S. DISTRICT COURT
By
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLARENCE W. BREWER and | § | |
| BARBARA BREWER, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | C. A. No. 4:15-cv-00004-A |
| | § | |
| PNC MORTGAGE, a division of PNC BANK, | § | |
| N. A., successor to NATIONAL CITY BANK, | § | |
| and | § | |
| DEUTSCHE BANK TRUST COMPANY | § | |
| AMERICAS AS TRUSTEE RALI 2002-QS19, | § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs CLARENCE W. BREWER and BARBARA BREWER ("Plaintiffs" or "Brewer")

file this their First Amended Complaint pursuant to the Court's Order of January 14, 2015, entered

on January 15, 2015 [Document #5], bring this action against PNC MORTGAGE, a division of PNC

BANK, N. A., successor to NATIONAL CITY BANK ("PNC") and DEUTSCHE BANK TRUST

COMPANY AMERICAS AS TRUSTEE RALI 2002-QS19 ("Deutsche"), due to the threatened non-

judicial foreclosure on their residential property, all wrongfully done by PNC and Deutsche, without

PNC or Deutsche having given Plaintiffs and the world at large the proper predicate notices of acceleration

and substitute trustee's sale, as severally required by law; for wrongful foreclosure; for violations

of the Texas Debt Collection Act (Tex. Finance Code §392.001, et seq., hereinafter "TDCA"); for

violations of the Texas Property Code; for breach of contract; to obtain statutory, actual and exemplary

damages for the wrongful acts of various Defendants; to obtain injunctive relief, declaratory relief,

and other relief for violations of the TDCA and other law by various Defendants.

FIRST AMENDED COMPLAINT

**JURISDICTION/VENUE**

1.      Jurisdiction lies generally under 28 U.S.C. §§1331 and 1337(a).

2.      Under the doctrine of pendent jurisdiction, this Court has jurisdiction of the state common law and statutory claims pursuant to 28 U.S.C. §1367(a). Each Plaintiff is a "consumer" as defined by Texas Finance Code §392.001(1) and the Loan as defined below is a "consumer debt" as defined by Texas Finance Code §392.001(2). Defendants PNC and Deutsche each hold themselves out to be in the business of collecting consumer debts in this jurisdiction. Defendants PNC and Deutsche each are engaged in "debt collection" as defined by Texas Finance Code §392.001(5). The Loan as defined below is a "consumer debt" as defined by Texas Finance Code §392.001(2). Each Defendant is a "debt collector" as defined by Texas Finance Code §392.001(6), and through discovery one or more Defendants may prove to be a "third party debt collector" as defined by Texas Finance Code §392.001(7).

3.      Venue is proper in this district because the communications and collection acts of Defendants in giving predicate notices to foreclosure were issued from or into the Northern District, and the Property defined below is situated in the Northern District of Texas. Each Defendant has sought to do business or has done business in Texas and Tarrant County, and the relief sought is within the Court's monetary and subject matter jurisdiction and other authority granted by statute. Venue is proper because the real property transactions which give rise to this lawsuit involve interests in real property situated in Tarrant County, Texas, and the relief sought involves primarily real property in Tarrant County, Texas.

**THE PARTIES**

4.      Each Plaintiff is a citizen of the State of Texas. Each Plaintiff is a "consumer" as defined

by 15 U.S.C. §1692a(3), Tex. Bus. & Com. Code §17.45(4) and Tex. Finance Code §392.001(1). Each Defendant is engaged in the business of collecting consumer debts in this jurisdiction. The principal purpose of the Defendants' business is the collection of consumer debts using the mails and telephone and other electronic transmission of data in interstate commerce, and Defendants regularly attempt to collect consumer debts for themselves and others. Defendants PNC and Deutsche each a "debt collector" as defined by 15 U.S.C. §1692a(6) and all Defendants are engaged in "debt collection" as defined by Tex. Finance Code §392.001(5). In the course of discovery, one or more Defendants may prove to be a "third-party debt collector" as defined by Tex. Finance Code §392.001(7). At various times in the course of dealings giving rise to this civil action, other parties may have acted in one or more of the same capacities as Defendants or on Defendants' behalf.

5.     Defendant PNC is a national banking association doing business in Texas at all times pertinent to this suit. Defendant PNC has removed this case to this Court, and is served with this pleading through its counsel, as indicated in the certificate of service below.

6.     Defendant Deutsche is a national banking association is a New York chartered bank acting in the exercise of its trust powers, doing business in Texas at all times pertinent to this suit. Defendant Deutsche has removed this case to this Court, and is served with this pleading through its counsel, as indicated in the certificate of service below.

7.     Plaintiffs also bring this action against any person relevant to the acts and claims alleged herein, but who may be identified during discovery in this case.

## BACKGROUND AND FACTS

8.     All references in this pleading to "Property" are to Lot 8, Block 2A, DEER CREEK ACRES ADDITION, to the City of Fort Worth, Tarrant County, Texas, according to the revised map

or plat thereof recorded in Volume 388-28, Page 271 of the Plat Records of Tarrant County, Texas, known locally as 10908 Blythe Court, Fort Worth, Texas 76126.

9.      The transaction ("Loan") at the root of this case was closed on or about September 27, 2002 ("Closing"), whereupon Plaintiff Clarence W. Brewer executed a Note in the original principal amount of $100,000 ("Note") and a Deed of Trust (hereinafter "Deed of Trust") naming National City Mortgage Co. DBA Accubanc Mortgage ("Accubanc"), as Lender and beneficiary, covering the Property, and appointing Calvin C. Mann, Jr., as the sole trustee thereunder. The Deed of Trust as above described is of record October 4, 2002 as instrument D202281557 in the Official Public Records of the Clerk of Tarrant County, Texas (all such references hereinafter are to such Records, unless otherwise specified).

10.     An Assignment of Mortgage and Promissory Note ("First Assignment") dated October 30, 2002, was executed by Janey Herrerra as FHLB Shipping Coordinator of Accubanc, and placed of record March 27, 2003 as instrument D203107886 to Defendant Deutsche as Trustee, without further identification of any trust.

11.     Defendant PNC gave notice of acceleration of the Note to Plaintiff CLARENCE W. BREWER on or about October 1, 2010. On information and belief, Defendant PNC was not the mortgagee or mortgage servicer of the Loan at the time it gave such notice.

12.     Defendant PNC gave notice of substitute trustee's sale of the Property to Plaintiff CLARENCE W. BREWER scheduled for November 2, 2010. On information and belief, Defendant PNC was not the mortgagee or mortgage servicer of the Loan at the time it gave such notice.

13.     An Appointment of Substitute Trustee ("First Appointment"), placed of record April 19, 2011 as instrument D211091282, was executed March 31, 2011 by Amber Berlin Combs, "authorized

signor" for PNC Bank, National Association, purportedly appointing various persons as substitute trustees under the Deed of Trust.

14.     An Assignment of Deed of Trust ("Second Assignment"), placed of record July 11, 2012 as instrument D212165498, was executed July 3, 2012 by Alysha Alcorn as assistant secretary of Residential Funding Company, LLC as attorney-in-fact for Defendant Deutsche, purportedly assigning the Note and Deed of Trust to Defendant Deutsche from "Deutsche Bank Trust Company America" (with no "s" on the end of the word America, and no further identification of the entity). Plaintiffs' counsel's examination of the public record reveals no power of attorney of record in Tarrant County, Texas, with sufficient specificity to support the Second Assignment; nor was any such power found authorizing acts by Alysha Alcorn.

15.     Defendant PNC gave notice of substitute trustee's sale of the Property to Plaintiff CLARENCE W. BREWER scheduled for September 2, 2012. On information and belief, Defendant PNC was not the mortgagee or mortgage servicer of the Loan at the time it gave such notice.

16.     Defendant Deutsche gave notice of acceleration of the Note to Plaintiff CLARENCE W. BREWER on or about October 1, 2012. On information and belief, Defendant Deutsche was not the mortgagee or the mortgage servicer of the Loan at the time it gave such notice.

17.     An Appointment of Substitute Trustee ("Second Appointment"), placed of record June 24, 2014 as instrument D214132484, was executed June 13, 2014, by Jason Holstein, "authorized signer" for PNC Bank, National Association, purportedly revoking all earlier appointments and naming certain persons as substitute trustee under the Deed of Trust.

18.     A Notice of Substitute Trustee's Sale ("NTS for July 1, 2014") executed by C. Summers and/or Terry Ross and/or Felecia Clark and/or Janna Clarke, was recorded in the Office of the County

Clerk of Tarrant County, Texas on or about the twenty-first day preceding July 1, 2014, the therein

threatened date of sale. The NTS for July 1, 2014 recited that Defendant PNC owned the Note and

that Defendant PNC serviced the Loan for itself.

19.     On information and belief, Defendant PNC was not the mortgagee or mortgage servicer

of the Loan at the time it gave the NTS for July 1, 2014.

20.     A Notice of Substitute Trustee's Sale was placed of record August 11, 2014 ("NTS

for September 2, 2014") with the County Clerk of Tarrant County, Texas, wherein Deutsche Bank

Trust Company Americas as Trustee by Residential Funding Company, LLC fka Residential Accredit

Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2002-QS19 was named as

mortgagee and PNC Bank, N. A. was named as mortgage servicer, threatening sale of the Property

on September 2, 2014.

21.     A Notice of Substitute Trustee's Sale ("NTS for December 2, 2014") executed by Terry

Ross, was recorded in the Office of the County Clerk of Tarrant County, Texas on or about November

10, 2014, threatening a trustee's sale on December 2, 2014.The NTS for December 2, 2014 recited

that Defendant Deutsche owned the Note and that PNC Bank, N.A. serviced the Loan for Deutsche.

22.     On information and belief, Defendant PNC was not the mortgagee or mortgage servicer

of the Loan at the time it gave the NTS for December 2, 2014.


## COUNT ONE (Texas Debt Collection Act)

23.     Plaintiffs repeat, reallage and incorporate herein the allegations made elsewhere within

this complaint.

24.     In violation of Tex. Fin. Code §392.301(a)(8), the Defendant PNC threatened to take

an action prohibited by law, in that on or about October 1, 2010, Defendant PNC gave notice of acceleration of the Note to Plaintiff CLARENCE W. BREWER as "mortgagee" though PNC was not at such time the mortgagee of the Loan.

25.     In violation of Tex. Fin. Code §392.301(a)(8), the Defendant PNC, upon information and belief, failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §51.002(d), because the Second Assignment was invalid and PNC and Deutsche having elected by the filing thereof to establish their respective claims to be either the "mortgagee" or "mortgage servicer" under Texas Property Code §51.0001(4)(C), as to sales threatened for November 2, 2010, September 2, 2012, July 1, 2014 and/or December 2, 2014.

26.     In violation of Tex. Fin. Code §392.301(a)(8), the Defendant PNC, through its counsel, Barrett Daffin Frappier Turner and Engel, gave Plaintiff CLARENCE W. BREWER notice by mail dated May 21, 2014 that a default of the Loan was asserted and that Plaintiff had thirty days to cure the default, yet less than thirty days after the issuance of such notice to Plaintiff, such Defendant posted the Property for trustee's sale scheduled for July 1, 2014, which was also in violation of Texas Property Code §§51.002(b) and (d) and other applicable law.

27.     In violation of Tex. Fin. Code §392.301(a)(8), the Defendant Deutsche gave one or more notices of substitute trustee's sale that failed to comply with the requirements of Texas Property Code §51.002(b), including because of the lack of capacity to give such notice(s) at the time each such notice was given, since such notices were dependent on the validity of the Second Assignment and/or the Second Appointment, each and both of which was invalid because such documents were executed, respectively, on a power of attorney that was (a) unrecorded and/or nonexistent, and (b)

based upon the invalid Second Assignment.

28.     In violation of Tex. Fin. Code §392.301(a)(8), the Defendants PNC and Deutsche threatened to take and/or did take several actions prohibited by law relating to the July 1, 2014 and/or December 2, 2014 threatened substitute trustee's sales of the Property, in that, upon information and belief, Defendants failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §§51.002(d), because at such time the Second Assignment was invalid and PNC and Deutsche having elected by the filing thereof to establish their claims to "mortgagee" and/or "mortgage servicer" status to establish such status under Texas Property Code §51.0001(4).

29.     In violation of Tex. Fin. Code §392.301(a)(8), Defendants gave one or more notices that failed to comply with the requirements of Texas Property Code §51.002(b), including because of the lack of capacity to give such notice(s) at the time each such notice was given, because the Second Assignment and Second Appointment were invalid because each was executed, respectively, founded upon a nonexistent and/or unrecorded power of attorney, and in reliance on the invalid Second Assignment.

30.     In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant PNC, directly and on behalf of Defendant Deutsche, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that a person or persons employed by PNC was purportedly assigned to handle all matters related to any workout, forbearance, repayment arrangement or modification of the Loan, when such was not in fact the case, thus delaying acts of Plaintiffs to save ownership of their Property, thus jeopardizing such ownership.

31.     In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant PNC, directly and on behalf of Defendant Deutsche, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that PNC denied receipt of financial documents supporting an various applications for modification of the Loan, when such documents had in fact been furnished to PNC by Plaintiffs.

32.     In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant PNC, directly and on behalf of Defendant Deutsche, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that on March 8, 2011, PNC filed a Proof of Claim in Plaintiff Clarence W. Brewer's bankruptcy case, 10-471165-RFN-13, asserting that it was acting on behalf of Defendant Deutsche, when the Second Assignment had not even been then attempted, hence PNC could not have been then acting on behalf of Defendant Deutsche with respect to the Loan.

33.     In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant PNC, directly and on behalf of Defendant Deutsche, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that on May 21, 2014 and June 6, 2014, Defendant PNC, acting through Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE"), wrote Plaintiffs that PNC was the "mortgagee" (including in the notice of substitute trustee's sale of June 6, 2014, for July 1, 2014) which the public record and other notices issued by BDFTE for PNC and/or Deutsche dispute, including in the BDFTE-issued notice of September 4, 2012 substitute trustee's sale.

34.     In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant PNC, directly and on behalf of Defendant Deutsche, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that PNC advised Plaintiff CLARENCE W. BREWER by telephone in June, 2014, that such Plaintiff was unable to speak with anyone who could modify the loan.

35.     In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant PNC, directly and on behalf of Defendant Deutsche, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that (a) the NTS for July 1, 2014, nor the (b) NTS for September 2, 2014, nor the (c) NTS for December 2, 2014 were each and all not mailed to Plaintiff CLARENCE W. BREWER at Plaintiff's Property address or other last known address, as required by Texas Property Code §51.002(b), thus delaying acts of Plaintiffs to save ownership of their Property, hence jeopardizing such ownership.

36.     Under TEX. FIN. CODE ANN. § 392.403 (a part of Chapter 392, TEXAS FINANCE CODE, the Texas Debt Collection Act, hereinafter "TDCA"), the Defendants' several violations of the TDCA render Defendants liable to Plaintiffs for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees, for all of which Plaintiffs now sue such Defendants.

37.     Therefore, Plaintiffs seek from Defendants PNC and Deutsche all statutory damages including but not limited to those under TEX. FIN. CODE §392.403(e) which are awardable to Plaintiffs under each and every one of the herein cited statutes. Plaintiffs also sue such Defendants for their actual damages, including under TEX. FIN. CODE §392.403(a)(2), and for their reasonable and necessary

attorney's fees and costs of court under each and every applicable claim at common law and under a cited statute and statutes into which each such statute may be incorporated, respectively, including but not limited to TEX. FIN. CODE §392.403(b).

## COUNT TWO (Property Code Violations)

38.     In the alternative, Plaintiffs incorporate and reallege all of the factual allegations set forth elsewhere in this complaint, and based upon such factual allegations would show the following.

39.     PNC and Deutsche caused the NTS for July 1, 2014 to not be mailed to Plaintiff CLARENCE W. BREWER at Plaintiff's Property address or other last known address, as required by Texas Property Code §51.002(b), thus delaying acts of Plaintiffs to save ownership of their Property, hence jeopardizing such ownership.

40.     PNC and Deutsche caused the NTS for September 2, 2014 to not be mailed to Plaintiff CLARENCE W. BREWER at Plaintiff's Property address or other last known address, as required by Texas Property Code §51.002(b), thus delaying acts of Plaintiffs to save ownership of their Property, hence jeopardizing such ownership.

41.     PNC and Deutsche caused the NTS for December 2, 2014 to not be mailed to Plaintiff CLARENCE W. BREWER at Plaintiff's Property address or other last known address, as required by Texas Property Code §51.002(b), thus delaying acts of Plaintiffs to save ownership of their Property, hence jeopardizing such ownership.

42.     Defendants' foregoing attempts to foreclose the claimed lien of the Deed of Trust on the Property in the notices predicate to the nonjudicial foreclosure sales were in the instance of each notice a violation of Texas Property Code §51.002(b), in that there was not proper capacity or effect

FIRST AMENDED COMPLAINT                    11

for the giving of the several respective notices of (a) default and opportunity to cure, (b) acceleration, or (c) substitute trustee's sale(s) thereunder, due to the lack of authority for the person executing the Second Assignment or the Second Appointment, respectively, to so execute it. Such mandatory predicate notices given in advance of sale, by posting and recording with the County Clerk of Tarrant County, and by mailing such notices, were each and all insufficient to satisfy the mandate of the Property Code.

## COUNT THREE (Wrongful Foreclosure)

43.     Plaintiffs incorporate and reallege all of the factual allegations set forth elsewhere in this complaint, and based upon such factual allegations would show the following.

44.     Still urging and relying on the foregoing and on all matters set forth herein, Plaintiffs would show that Defendant, without capacity to act on the part of the substitute trustee(s) because of the deficient notices preceding the noticed trustee's sale(s), caused certain persons including but not limited to its counsel, and substitute trustee(s) appointed without authority, to issue and post notices of substitute trustee's sale in regard to each and all of the hereinabove referenced trustee's sale dates.

45.     Defendants' acts set forth in the preceding paragraphs necessarily resulted in an invalid sale per se, and a substitute trustee's sale process which would have necessarily induced a rational buyer who had examined the public record to either (a) not bid at all, or (b) bid a lower than optimal price for the Property.

46.     Each noticed substitute trustee's sale of the Property was wrongful, notice of each such sale being posted without adequate foundation, hence any Trustee's Deed should be removed from the chain of title to the Property by this Court under its inherent power, under Texas Property Code Chapter 22 and/or all other applicable law, including but not limited to the Texas Declaratory Judgments

Act (Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE) and/or TEXAS CONSTITUTION Article

XVI, Section 50.

47.     Defendant' failures to give the mandatory notices preceding the substitute trustee's

sale dates properly, timely and in a manner in compliance with the applicable statute render Defendants

liable to Plaintiffs for damages for wrongful foreclosure, for which Plaintiffs sue.

48.     Plaintiffs seek all their reasonable and necessary attorney's fees and costs of court incurred,

which are recoverable by them from Defendants in conjunction with preservation of and/or restoration

of the Property to Plaintiffs.

## COUNT FOUR (Breach of Contract)

49.     In the alternative, Plaintiffs incorporate and reallege all of the factual allegations set

forth elsewhere in this complaint, and based upon such factual allegations would show the following.

50.     The substitute trustees putatively appointed by the Second Appointment gave notices

of the various substitute trustee's sales of the Property which were wholly defective and failed to comply

with applicable law, in that such notices were predicated on the effectiveness of the Second Appointment,

which in turn was predicated on the effectiveness of the Second Assignment.

51.     The substitute trustees nevertheless did issue the predicate notices in violation of TEX.

PROP. CODE §§ 51.002(b) and 51.0025(2). Defendants, being responsible for the acts of such substitute

trustees in that regard, thereby violated the Texas Property Code, breaching the express terms of the

Deed of Trust contract to act in all respects in accordance with all applicable law. As a result of such

Defendants' wrongful conduct in such breaches, Defendants had no right to foreclosure of the Deed

of Trust lien against the Property as described in the notices preceding the various sale dates.

52.     Under the terms of the Deed of Trust, the efforts of Defendants to enforce the lien of the Deed of Trust and effect a foreclosure on Plaintiffs' Property, when Defendants knew or should have known that (a) notices were not properly given to comply with applicable Texas law and with the Deed of Trust--specifically *inter alia* (a) paragraph I (Applicable Law), (b) paragraph 16 (Governing Law) and (c) Paragraph 22 (Acceleration; Remedies)--were in each instance a breach of contract between the parties.

53.     Therefore, Defendants acted in breach of the referenced provisions of the Deed of Trust in, among other acts: Defendants threatened to take and/or did take several actions prohibited by law relating to the variously above-detailed substitute trustee's sales of the Property, in that Defendants caused to be issued the several notices of the sales which were variously recorded with the County Clerk of Tarrant County, posted by or on behalf of Defendants at the Tarrant County Courthouse, and mailed to persons other than Plaintiffs, which notices each and all failed to comply with the requirements of Texas Property Code §51.002(b), because each notice was by trustees lacking capacity and directed to persons other than Plaintiff CLARENCE W. BREWER.

54.     As a proximate result of the foregoing wrongful conduct by Defendants, Plaintiffs have incurred actual damages by having their title to and possession of the Property jeopardized, and by Plaintiffs incurred as a result their filing fees and reasonable and necessary attorney fees, for all of which Plaintiffs now sue Defendants.

## COUNT FIVE (Exemplary Damages)

55.     Plaintiffs re-allege and incorporate the allegations of all the foregoing paragraphs and particularly paragraphs 1 through 54 of this complaint herein.

56.     Plaintiffs seek exemplary damages for Defendants' wrongful conduct in violation of the contract of the parties and of state law, which Defendants respectively either violated knowingly or with reckless disregard for such law, or acted in reliance upon such wrongful acts, in an amount to be determined as fair and reasonable by the trier of fact as to each Defendant.

57.     Defendants acted in its respective roles in regard to the Loan and the Property with malice or gross negligence toward Plaintiffs, and thus established a statutory basis for an award of exemplary damages. TEX. CIV. PRAC. & REM. CODE §41.003(a).

58.     The standard for compliance with lien instruments is strict, and by such standard there be could have been no valid notice of substitute trustee's sale, and hence no issuance of a valid Trustee's Deed, based on the inadequate notices of all the substitute trustee's sales detailed hereinabove.

59.     Defendants are each clearly responsible for their respective acts in effecting the notices of substitute trustee's sales and seeking to deprive Plaintiffs of title to and use of the Property.

60.     All Defendants were, before the filing of this suit, charged with knowledge of all facts appearing in the chain of title to the Property, with a duty to examine those facts, step by step, from one discovery to another and from one instrument to another, until a complete knowledge of all matters referred to and affecting the estate was obtained. Such knowledge necessarily included the absence of authority for execution of the Second Assignment, hence for execution of the Second Appointment.

61.     Therefore, no Defendant nor any third party could be a bona fide purchaser at any substitute trustee's sale of the Property, given the state of the public record.

62.     An award of exemplary damages from Defendants to Plaintiffs would discourage future misconduct such as that of such Defendants' in giving improper, insufficient notices of substitute trustee sales, and thereby jeopardizing persons' title to and use of real property. An award would further

the interest of the State of Texas and the United States in protecting secure homeownership.

## COUNT SIX (Injunctive Relief)

63.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 62 of this complaint herein.

64.     Injunctive relief is proper (a) under the Court's inherent equitable powers, and (b) under TEXAS FINANCE CODE §392.403(a)(1), to prevent similar violations of law in the noticing of trustee sales and in the pursuit of possession of homes under wrongfully obtained trustee deeds.

65.     Injunctive relief is proper to maintain Plaintiffs in title to the Property and in possession of the Property, since their loss or title or eviction would be in violation of the latter statute, and to aid in the orderly sale of the Property by Plaintiffs to a third party for the benefit of Plaintiffs, and possibly Defendants.

66.     Plaintiffs therefore ask that the Court grant temporary and permanent injunctive relief on each and all of the foregoing grounds and for each of the foregoing purposes.

## REQUEST FOR RELIEF

A home is uniquely valuable. It is the largest investment many people will make in their lifetimes. It also has unique value as the primary refuge where persons such as Plaintiffs build families and memories of shared experiences. Misrepresentations and violations of law that jeopardize a borrower's home are unconscionable and the damage to persons such as Plaintiffs is irreparable. Defendants' misrepresentations to persons such as Plaintiffs are systemic in nature and all too commonly inflicted on borrowers such as Plaintiffs. Plaintiffs therefore ask that this Court:

FIRST AMENDED COMPLAINT                    16

a.  Declare that the Defendants' actions violate the TDCA;

b.  Enjoin the Defendants' actions which violate the TDCA or other applicable law;

c.  Enter judgment in favor of Plaintiffs for statutory damages, costs, and attorney's fees as provided by Tex. Fin. Code Ann. §§392.403 and 392.404;

d.  Award Plaintiffs compensatory damages as allowed by law;

e.  Award Plaintiffs exemplary damages as allowed by law;

f.  Award Plaintiffs their reasonable and necessary attorney's fees and costs;

g.  Award Plaintiffs pre-judgment and post-judgment interest as allowed by law;

h.  Such other and further relief to which Plaintiffs may be justly entitled or is in the interest of justice.

Respectfully submitted,

**Michael Brinkley**
SBN 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
817.284.3535; metro 817.589.7111
888.511.0946 fax
michael@brinkleypllc.com
Attorney for Plaintiffs

## <u>Certificate of Service</u>

I certify that on this day a true and correct copy of the foregoing was forwarded in accordance with the Federal Rules of Civil Procedure to the following:

**Jeffrey R. Seewald**
**Nathan T. Anderson**
McGLINCHEY STAFFORD, PLLC
2711 N. Haskell Avenue, Suite 2750
Dallas, Texas 75204
fax 214-445-2450
Attorneys for Defendants

Dated: February 13, 2015.

**Michael Brinkley**