

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 2015

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CLARENCE W. BREWER, ET AL., §
§
Plaintiffs, §
§
VS. § NO. 4:15-CV-004-A
§
PNC MORTGAGE, A DIVISION OF §
PNC BANK, N.A., SUCCESSOR TO §
NATIONAL CITY BANK, ET AL., §
§
Defendants. §

## MEMORANDUM OPINION
and
## ORDER

Now before the court is the motion for summary judgment
filed in the above-captioned action by defendants, PNC Mortgage,
a Division of PNC Bank, N.A., Successor to National City Bank
("PNC"), and Deutsche Bank Trust Company Americas as Trustee RALI
2002-QS19 ("Deutsche Bank"). Plaintiffs, Clarence Brewer
("Clarence") and Barbara Brewer ("Barbara"), filed a response.
Having considered all September 30, 2015of the parties' filings,
the entire summary judgment record, and the applicable legal
authorities, the court concludes that the motion should be
granted.

25

I.

Background

Plaintiffs initiated this action on December 2, 2014, by filing an original petition and application for temporary restraining order in the 48th Judicial District Court of Tarrant County, Texas.[1] On January 5, 2015, defendants removed the action on the basis of diversity jurisdiction.[2] The dispute centers around a note and deed of trust executed by Clarence affecting property located at 10908 Blythe Court in Fort Worth, Texas, 76026 (the "Property").[3]

Over the course of approximately nine years, Clarence defaulted on mortgage payments on the Property at different times. Defendants responded by sending various notices of default, notices of acceleration, and notices of substitute trustee sale to Clarence.[4] It is undisputed that plaintiffs have

---

[1] Doc. 1 at PageID 8, 10, & 34. The "Doc. __" references are to the referenced document on the docket of this case No 4:15-cv-004-A. The "PageID" numbers are references to pages numbers assigned Document 1 by the Clerk's office, used by the court because Document 1 was not paginated by defendants. These page numbers are found in the top right corner of Document 1.

[2] Doc. 1 at PageID 2-3.

[3] Doc. 17 at App. 4 & 8.

[4] Doc. 17 at App. 4, 8, 29, 32, 37, 55, 73, 81, 93, & 100. Defendants sent notices of default on January 6, 2006, August 6, 2010, and October 18, 2014. Doc. 17 at App. 26, 29, & 93. Defendants sent notices of acceleration and notices of substitute trustee sale on September 6, 2012, October 12, 2012, June 6, 2014, and November 10, 2014. Doc. 17 at App. 37, 55, 81, & 100.

not made payments on the mortgage in more than five years.[5] On November 20, 2014, defendants sent the most recent notice of acceleration and notice of substitute trustee sale scheduled for December 2, 2014.[6] After this action was filed, the state court issued a temporary restraining order preventing the sale.[7]

A.   Plaintiffs' First Amended Complaint

The gist of plaintiffs' first amended complaint is that defendants acted without authority when they sent notices related to default, acceleration, and substitute trustee sale to Clarence, and initiated foreclosure sale proceedings on the Property.[8] Plaintiffs allege that the assignment of the note and deed of trust to Deutsche Bank, referred to by the parties as the Second Assignment ("Second Assignment"), and the appointment of C. Summers, Terry Ross, Felicia Clark, and Janna Clark as substitute trustee, referred to by the parties as the Second Appointment ("Second Appointment"), are invalid.[9] Plaintiffs

---

[5] Doc. 1 at PageID 10 & 34. Doc. 16 at 6; Doc. 17 at 151 & 158.. It is unclear why Clarence has been in default for such a long time and the Property has not yet been foreclosed upon.

[6] Doc. 17 at App. 99.

[7] Doc. 1 at PageID 10 & 34. The district judge noted in the temporary restraining order that the order did not prohibit foreclosure in February 2015, yet defendants have not moved forward with foreclosure. Doc. 1 at PageID 37.

[8] Doc. 6.

[9] Doc. 6 at 5, 7-8, 11-12 & 13-15.

3

assert that because those documents are invalid, defendants were not mortgagee and/or mortgage servicer of the loan, thus, defendants and the substitute trustee did not have capacity to issue various notices related to foreclosure.[10]

Plaintiffs claim violations of Chapter 392 of the Texas Finance Code known as the Texas Debt Collection Act ("TDCA"), violations of the Texas Property Code, wrongful foreclosure, and breach of contract.[11] Plaintiffs also claim they are entitled to exemplary damages and injunctive relief.[12]

B.   The Summary Judgment Motion

In summary form, the arguments of defendants in their motion for summary judgment are as follows:

Defendants argue that they are entitled to summary judgment as to all of plaintiff' claims, stating:[13]

(1) Barbara, spouse of Clarence, has no standing in this action.[14]

(2) Clarence's position that PNC lacks authority to

---

[10] Doc. 6 at 5, 7-8, 11-12 & 13-15.  Plaintiffs also appear to be alleging that there is no other means by which PNC and Deutsche Bank qualify as mortgagee or mortgage servicer of the loan, thus, there is no grounds for defendants to initiate foreclosure proceedings.

[11] Doc. 6.

[12] Doc. 6 at 15-16.

[13] Doc. 16 at 1.

[14] Doc. 16 at 10-11.

4

foreclose on the Property is inconsistent with the position taken in his bankruptcy proceeding, thus, judicial estoppel applies.[15]

(3) Defendants have full authority to foreclose on the Property, Deutsche Bank as mortgagee and PNC as mortgage servicer.[16]

(4) Plaintiffs lack standing to challenge the Second Assignment and Second Appointment, and there is no requirement that a power of attorney be filed in the public records for an assignment of mortgage or appointment of substitute trustee to be valid.[17]

(5) Plaintiffs have failed to allege actual damages resulting from defendants' actions.[18]

(6) Plaintiffs' breach of contract claim fails because plaintiffs cannot challenge the validity of the Second Assignment and Second Appointment, and a defaulting party to a contract cannot maintain a suit for breach of that contract.[19]

(7) Plaintiffs' TDCA claims fail because they cannot challenge the validity of the Second Assignment and Second

---

[15] Doc. 16 at 9-10.

[16] Doc. 16 at 11-12.

[17] Doc. 16 at 13-14.

[18] Doc. 16 at 2.

[19] Doc. 16 at 14-15.

5

Appointment, and defendants made no threat to take an action prohibited by law or fraudulent or misleading representation because they were entitled to foreclose upon the Property.[20]

(8) The wrongful foreclosure claim fails because no foreclosure has occurred.[21]

(9) Plaintiffs' Texas Property Code claims fail because plaintiffs fail to state how defendant breached the Property Code and where notices should have been sent.[22]

(10) Because none of plaintiffs' claims or causes of action have merit, they are not entitled to injunctive relief.[23]

## IV.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material

---

[20] Doc. 16 at 16-17.

[21] Doc. 16 at 17.

[22] Doc. 16 at 15 (citing Doc. 17 at App. 37, 52, 55, 70, 81, 91, 100 & 110 ).

[23] Doc. 16 at 17.

6

fact.   Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial."   Id. at 323.

Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case.   Id. at 324; see also FED. R. CIV. P. 56[©] ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . .").   If the evidence identified could not lead
a rational trier of fact to find in favor of the nonmoving party
as to each essential element of the nonmoving party's case, there
is no genuine dispute for trial and summary judgment is
appropriate.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is
the same as the standard for rendering judgment as a matter of
law.   Celotex, 477 U.S. at 323.   If the record taken as a whole
could not lead a rational trier of fact to find for the non-
moving party, there is no genuine issue for trial.   Matsushita,

7

475 U.S. at 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

## V.

### Analysis

A.   Barbara's Standing

Defendants argue that Barbara has no standing in this action because she is not listed as a party to the note or deed of trust, and the Property was purchased by Clarence prior to marriage, and thus, is separate property.[24] Plaintiffs contend that Barbara has standing by virtue of a homestead right.[25] However, it is undisputed that Clarence indicated he was single in the loan application and Barbara did not sign and is not listed as a party to the note or deed of trust.[26] Plaintiffs have not provided any summary judgment evidence that Barbara has acquired a homestead right or any other interest in the Property that would give her standing to pursue any of the claims she asserted in this action.

---

[24] Doc. 16 at 10-11.

[25] Doc. 23 at 9.

[26] Doc. 17 at App. 4, 8, & 10.

8

B.   Judicial Estoppel

Defendants argue that plaintiffs are estopped from asserting any claim that PNC lacks capacity to foreclose on the Property because PNC was listed as a secured creditor in a bankruptcy proceeding filed by Clarence.[27] Furthermore, Clarence joined in an Agreed Order of Stay acknowledging delinquent payments on the mortgage.[28] The Agreed Order of Stay was lifted when Clarence failed to comply with its obligations.[29]

Plaintiffs claim judicial estoppel is inappropriate because Clarence "could be deemed to have acted inadvertently in that he filed his bankruptcy documents on the basis of representations made to him . . . as to mortgagee and mortgage servicer identity that he could not have possessed at the time of bankruptcy."[30] That claim is without legal or evidentiary support. In Richardson v. CitiMortgage, Inc., the court would not allow a debtor to deny the right of a creditor to enforce a note and deed of trust in a mortgage foreclosure case when the debtors listed the creditor in a bankruptcy proceeding. No. 6:10CV119, 2010 WL 4818556, at * 4-5 (E.D. Tex. Nov. 22, 2010). The court explained that because

---

[27] Doc. 17 at App. 137.

[28] Doc. 17 at App. 152.

[29] Doc. 17 at App. 158.

[30] Doc. 22 at 8.

9

debtors were required to disclose all potential claims in a
bankruptcy proceeding, the debtor was judicially estopped from
bringing the action later. Id. at * 5; see also Bradley v. PNC
Bank, N.A., No. 4:14CV37, 2014 WL 4829317, at * 2 (E.D. Tex.
Sept. 26, 2014) (agreeing that debtor's "bankruptcy filings
identifying Defendant as a creditor may judicially estop him from
any challenge as to [d]efendant's authority" in a mortgage
foreclosure case, but, dismissing the case on other grounds).

Plaintiffs' unsupported assertion that Clarence might have
"acted inadvertently" in naming PNC as a secured creditor based
on a representation that PNC was the mortgage servicer does not
preclude the application of judicial estoppel. As the court
discusses below, PNC was and continues to be mortgage servicer.
Thus, Clarence is judicially estopped from claiming that PNC
lacks authority to foreclose on the Property.

C.   Fraudulent Lien Related Instruments Claim

Many of plaintiffs' claims are grounded in the allegation
that the Second Assignment and Second Appointment are invalid,
thus, defendants and the substitute trustee lacked authority to
send Clarence various notices regarding the Property.[31] The basis
of alleged invalidity of the Second Assignment is that there is

---

[31] Doc. 23 at 6-7; Doc. 6.

10

"no power of attorney of record in Tarrant County, Texas with sufficient specificity to support the Second Assignment; nor was any such power found authorizing acts by Alysha Alcorn."[32] Plaintiffs allege the Second Appointment is invalid for the same reasons and because the Second Appointment relied on the invalid Second Assignment.[33] This is at least in part the basis for plaintiffs' claims of Texas Finance Code violations, Texas Property Code violations, breach of contract, exemplary damages, and request for injunctive relief.[34]

Defendants argue that plaintiffs do not have standing to challenge the validity of the Second Assignment and Second Appointment. The Fifth Circuit has held that Texas law is settled that "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, [and] Texas courts follow the majority rule that the obligor may defend [only] 'on any ground which renders the assignment void.'" Reinagel v. Deutsche Bank Nat'l Trust Co., 735 F.3d 220, 225 (5th Cir. 2013). In fact, in Reinagel, also a mortgage foreclosure case, the Fifth Circuit held that claims that an assignment was

---

[32] Doc. 6 at 5.

[33] Doc. 6 at 7-8.

[34] Doc. 6 at 7-8 & 11-15.

executed without authority merely rendered the assignment
voidable with respect to the parties to the assignment, not void,
and that plaintiffs lacked standing to challenge an assignment on
that basis. Id. at 226.

In addition, to the extent that plaintiffs suggest that the
Second Assignment and Second Appointment are invalid because
there is no power of attorney or other recorded act authorizing
the documents, this argument fails. The court addressed
substantially the same argument in Gillespie v. BAC Home Loans
Servicing, LP, a case where the plaintiffs were represented by
the same attorney representing plaintiffs here. No.
4:11-CV-388-A, 2013 WL 646383 (N.D. Tex. Feb. 21, 2013). In
Gillespie the court rejected plaintiffs' argument holding:

> The plain language of the Property Code does not
> indicate the existence of any requirement that the
> appointment of a substitute trustee be recorded to be
> valid, and courts interpreting the provisions have not
> found such a requirement.  See Partain v. Wells Fargo
> Bank, N.A., No. 4:11-CV-386-Y (N.D. Tex. Jan. 23,
> 2013); Bittinger v. Wells Fargo Bank, N.A., 744 F.
> Supp. 2d 619, 625 (S.D. Tex. 2010); Broyles v. Chase
> Home Fin., No. 3:10-CV-2256-G, 2011 WL 1428904, at *2
> (N.D. Tex. Apr.13, 2011).   Thus, BAC was not required
> to record a power of attorney for the assignment of the
> note or the appointment, and any claim based on the
> argument that recording was required must fail.

Id. at *6.  The same result is required here.

D.    Defendants' Authority to Foreclose

Plaintiffs also contend that PNC and/or Deutsche Bank lacked authority to send notices or foreclose on the Property. Under Texas law, a mortgagee or mortgage servicer may administer foreclosure proceedings. Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 255 (5th Cir. 2013). The mortgagee is "the grantee, beneficiary, owner, or holder of a security instrument," "a book entry system," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(emphasis added). The mortgage servicer is the "last person to whom a mortgagor has been instructed . . . to send payments for the debt . . . ." TEX. PROP. CODE § 51.0001(3).

Here, the evidence shows that Deutsche Bank is the last person to whom the deed of trust has been assigned of record.[35] Plaintiffs appear to contend that the defendants' affidavit is insufficient to support the proposition that Deutsche Bank owns or holds the note.[36] However, in addition to the affidavit, defendants have provided a copy of the assignment to Deutsche Bank and evidence that the assignment was recorded.[37] Plaintiffs

---

[35] Doc. 17 at App. 32.

[36] Doc. 23 at 1-2.

[37] Doc. 17 at App. 32.

point to no evidence indicating that the security interest was last assigned of record to someone else. The record shows that Deutsche Bank is mortgagee by virtue of being the last person to whom the security interest was assigned of record.

Not only is Clarence judicially estopped from asserting that PNC lacks authority to foreclose on the property, the court notes that PNC is the last entity to which Clarence was instructed to send payments on the mortgage.[38] Thus, PNC is mortgage servicer of the Property.

Both Deutsche Bank and PNC have authority to foreclose on the Property. See TEX. PROP. CODE §§ 51.0001 and 51.0025; Martins, 722 F.3d at 255.

E.   Texas Property Code Claims

Plaintiffs' Texas Property Code claims are at least in part based on plaintiffs' contention that the Second Assignment and Second Appointment are invalid, thus, the substitute trustee had no authority to send various notices to Clarence.[39] The court has already determined that plaintiffs lack capacity to challenge the Second Assignment and Second Appointment. Summary judgment is appropriate for all alleged Texas Property Code violations

---

[38] Doc. 17 at App. 29. It is undisputed that PNC merged with National City Mortgage Co., the entity named as lender on the note and deed of trust. Thus, either PNC or its sucessor in interest have been acting as mortgage servicer since inception of the loan. Doc. 17 at App. 1.

[39] Doc. 6 at 11-12.

14

resting on that ground. Plaintiffs also claim that three notices of sale violate § 51.002(b).[40] Within other sections of the complaint, plaintiffs allege violations of §§ 51.002(d) and 51.0025.[41]

### 1. § 51.002(b) Claim

Under § 51.002(b) notice must be given at least twenty-one days before the date of a non-judicial foreclosure sale by (1) posting notice at the courthouse (2) filing in the office of the county clerk and "(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 52.002(b). Plaintiffs claim that defendants did not mail the July 1, 2014, September 2, 2014, and December 2, 2014 notices to plaintiffs' "[p]roperty address or other last known address, as required by Texas Property Code § 51.002(b) . . . ."[42] However, plaintiffs adduce no summary judgment evidence to support their argument.

Under Texas Property Code § 51.002(e) service of notice is complete when notice is sent via certified mail. TEX. PROP. CODE § 51.002(e). "The affidavit of a person knowledgeable of the facts

---

[40] Doc. 6 at 11.

[41] Doc. 6 at 7-8 & 13.

[42] Doc. 6 at 11.

15

to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e). There is no requirement that plaintiffs receive actual notice. See Martins, 722 F.3d at 256.

No notice of sale for September 2, 2014 appears in the record of this action and plaintiffs have provided no evidence of such notice. Defendants mailed the July 1, 2014 and December 2, 2014 notices of sale via certified mail to Clarence's address in Burleson, Texas, the address of the Property, and to Clarence's attorney from the bankruptcy proceeding.[43]  It is unclear, and plaintiffs provide no explanation, as to where plaintiffs claim defendants should have mailed the notices or how defendants otherwise violated § 51.002(b). Thus, summary judgment is appropriate as to this claim.

2.  § 51.002(d) Claim

Plaintiffs claim that defendants failed to comply with § 51.002(d) because they mailed Clarence a notice of default on May 21, 2014, asserting he had thirty days to cure the default and then gave him a notice of sale for July 1, 2014.[44] No May 21, 2014 notice of default appears in the record of this action and plaintiffs have provided no evidence to support this claim.

---

[43] Doc. 17 at App. 81, 86, 91, 100, 105 & 110.

[44] Doc. 6 at 7.

16

### 3. § 51.0025 Claim

Plaintiffs' breach of contract claim alleges a violation of § 51.0025.[45] The ground for this claim is that on June 6, 2014 the substitute trustee sent a notice of acceleration and notice of sale for July 1, 2014, that listed PNC as the mortgage servicer and mortgagee.[46] Deutsche Bank is the mortgagee.[47] However, Clarence is judicially estopped from asserting that PNC lacked authority to foreclose on the Property. In addition, PNC, as mortgage servicer, clearly had the authority to foreclose on the Property. Martins, 722 F.3d at 255.

Furthermore, plaintiffs have wholly failed to establish that they have suffered any damages as a result of this notice.

### F. TDCA Claims

Plaintiffs claim that defendants violated the TDCA through violations of Texas Property Code §§ 51.002(b), 51.002(d), and 51.0025.[48] The court has concluded that plaintiffs did not raise a genuine issue of material fact as to violations of §§ 51.002(b), 51.002(d), or 51.0025 of the Texas Property Code, so no violation of the TDCA can rest on these claims.

---

[45] Doc. 6 at 8.

[46] Doc. 6 at 8; Doc. 17 at App. 93.

[47] Doc. 17 at App. 32.

[48] Doc. 23 at 3.

17

Plaintiffs allege separate violations of TDCA §§ 392.301(a)(8), 393.304(a)(8), and 393.304(a)(19).[49] The majority of these claims rely on the argument that notices were given without capacity because the Second Assignment and Second Appointment are invalid.[50] TDCA claims cannot rest on this ground for the reasons already discussed. As to the remaining allegations, plaintiffs have wholly failed to come forward with any evidence to show that they sustained actual damages for a potential TDCA violation. See Bassknight v. Deutsche Bank Nat'l Tr. Co., 611 F. A'ppx 222, 223-24 (5th Cir. 2015)[51] (citing Richardson v. SV Almeda I Ltd. P'ship, No. 01-11-01004-CV, 2013 WL 4680392, at * 9 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op. not designated for publication)). In fact, it is undisputed that plaintiffs continue to hold the Property despite not making mortgage payments for more than 5 years and that the Property has never been foreclosed upon.[52]

G.   Wrongful Foreclosure

In Texas, to prevail on a claim of wrongful foreclosure

---

[49] Doc. 6 at 6-11.

[50] Doc. 6 at 6-11.

[51] The court recognizes that this Fifth Circuit case was not designated for publication, but finds the holding noteworthy as to this point.

[52] Doc. 1 at PageID 10 & 34; Doc. 16 at 6; Doc. 17 at App. 151 & 158.

plaintiff must to show "(I) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." Miller, 726 F.3d at 726 (internal quotation marks omitted) (quoting Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A wrongful foreclosure claim necessarily entails loss of possession of the property. See James v. Wells Fargo Bank, N.A., 533 F. App'x 444, 446-47 (5th Cir. 2013) (quoting Motten v. Chase Home Finance, 831 F. Supp. 2d 988, 1007-08 (S.D. Tex. 2011) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure.")(citations omitted)). Here, it is undisputed that the Property has not been foreclosed upon despite plaintiffs' failure to make mortgage payments for more than five years.[53] Thus, the requisite loss of possession for a wrongful foreclosure claim is not present.

## H.   Breach of Contract

To sustain a breach of contract action under Texas law requires plaintiff to show: (1) the existence of a valid contract; (2) plaintiff performed or tendered performance under

---

[53] Doc. 1 at PageID 10 & 34; Doc. 16 at 6; Doc. 17 at App. 151 & 158.

the contract; (3) breach by defendant; and, (4) damages. Mullins
v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009)
(quotations omitted) (quoting Aguiar v. Segal, 167 S.W.3d 443,
450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).
Plaintiffs' breach of contract claims rely on sections of the
contract that require parties to comply with applicable law and
sections regarding remedies for default and acceleration in the
deed of trust. Plaintiffs have failed to raise an issue of
material fact as to any of their claims that defendants violated
applicable law.

The remedies provision requires defendants to give Clarence
thirty days' notice of default and twenty-one days' notice prior
to sale of the property if the balance of the mortgage is
accelerated.[54] The record contains three notices of default, such
that plaintiff has been on notice of default for years.[55] In
addition, no notice of acceleration and sale provided less than
twenty-one days' notice of the sale.[56] Plaintiffs have failed to
establish a material fact as to breach of the deed of trust.
Furthermore, plaintiffs have wholly failed to adduce any summary

---

[54]   Doc. 17 at App. 19 ¶ 22.

[55] Doc. 17 at App. 29, 26, & 93. Plaintiffs refer to the notice of rescission in relation to this claim but such notice of rescission merely purports to rescind all notices of acceleration, not notices of default. Doc. 17 at App. 73. Thus, Clarence remained on notice of default despite the notice of rescission.

[56] Doc. 17 at App. 37, 55, 81, & 100.

judgment evidence as to damages based on any alleged breach of contract.

I.   Exemplary Damages

Because the court has granted summary judgment as to all of plaintiffs' claims, there is nothing on which to base plaintiffs' claim for exemplary or other damages.

J.   Injunctive Relief

Because the court has granted summary judgment on all of plaintiffs' claims, there is nothing on which to base their claim for injunctive relief.

K.   Plaintiffs' Request for a Continuance

Plaintiffs generally allege that this motion is premature and additional discovery might yield support to "claims that are not directly addressed by the current summary judgment evidence."[57] Rule 56(d) of the Federal Rules of Civil Procedure permits the court to defer a motion or allow time for discovery when a nonmovant asserts facts are unavailable to support the nonmovant's claims. However, the rule clearly states this is permissible only if, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." FED. R. CIV. P.

---

[57] Doc. 22 at 2.

21

56(d). Plaintiffs have provided no affidavit or declaration setting forth the specified reasons they cannot present facts essential to their opposition as required by Rule 56(d). Thus, the court finds that relief under Rule 56(d) is not appropriate here.

Order

Therefore, for the reasons given above,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims against PNC and Deutsche Bank; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED October 1, 2015.

JOHN McBRYDE
United States District Judge